UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATI LEEAL and MALKA LEEAL,

                        Plaintiffs,                  Civil Action No. 22-10017

v.                                                Matthew F. Leitman
                                                  United States District Judge

NEWREZ LLC d/b/a SHELLPOINT        David R. Grand
MORTGAGE SERVICING, *et al.*,        United States Magistrate Judge

                           Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 12), TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 9), AND TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs Mati Leeal and Malka Leeal (collectively the "Leeals")[1] filed their complaint in the Oakland County Circuit Court against defendants NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants"), who then removed the action to this Court.[2]

---

[1] On April 6, 2022, Malka Leeal filed a "motion to amend case caption," in which she seeks to remove Mati Leeal as a named plaintiff because he "passed away on August 10, 2022." (ECF No. 17, PageID.458). Obviously, given the motion's filing date, the August 10, 2022 date cannot be correct. Indeed, it appears Mati Leeal had passed away prior to the underlying complaint being filed in the Oakland County Circuit Court on November 29, 2021. (ECF No. 1-3, PageID.12). While Malka Leeal's motion to amend has not been referred to the undersigned, the resolution of that motion has no bearing on any of the legal issues discussed herein.

[2] Also named as a defendant in this action is Ditech Financial, f/k/a Green Tree Servicing LLC ("Ditech"). However, there is no indication that this entity has been served with process in this case, and no appearance has been entered on its behalf. Regardless, the same arguments advanced by Shellpoint and Fannie Mae, and addressed herein, apply equally with respect to Ditech.

(ECF No. 1).  In their complaint, the Leeals challenge the ability of Shellpoint to foreclose on a mortgage (the "Mortgage") encumbering real property commonly known as 29249 Chelsea Crossing, Farmington Hills, Michigan (the "Property").  (*Id.*).

On March 2, 2022, Defendants filed a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a).  (ECF No. 12).  On March 23, 2022, the Leeals filed two, virtually identical responses to Defendants' motion (ECF Nos. 14, 15), and on April 5, 2022, Defendants filed a reply brief in support of their motion (ECF No. 16).  Additionally, the Leeals filed their own motion for summary judgment on February 10, 2022 (ECF No. 9), to which Defendants responded on March 2, 2022 (ECF No. 11).

An Order of Reference was entered on March 7, 2022, referring both dispositive motions to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13).  Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment **(ECF No. 12)** be **GRANTED**, Plaintiffs' Motion for Summary Judgment **(ECF No. 9)** be **DENIED**, and Plaintiffs' complaint be **DISMISSED**.

## II.   REPORT

### A.    Factual Background

#### 1.    *The Mortgage and Prior Litigation*

Much of the background surrounding the Mortgage at issue in this case was aptly

2

summarized by the Honorable Matthew F. Leitman in another federal case (the "Prior

Federal Action") in which the Leeals challenged the validity of the same Mortgage at issue

in this case and the servicer's ability to enforce its terms, *Leeal v. Ditech Financial, LLC*,

No. 17-10645, 2020 WL 1066100 (E.D. Mich. Mar. 5, 2020):

> On November 16, 2007, the Leeals took out a $301,000 mortgage loan
> from ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). The loan
> was memorialized by a note that identified ABN AMRO as the lender
> (the "Note"), and the Note was secured by a mortgage (the
> "Mortgage"). At the time of this transaction, ABN AMRO was an
> assumed name for CitiMortgage, Inc. ("CMI"). Thus, CMI was the
> actual lender of the funds to the Leeals.
>
> On December 1, 2007, [Fannie Mae] purchased the Leeals' loan from
> CMI. Fannie Mae has owned the Leeals' loan ever since.
>
> In addition to being the original lender, CMI was the servicer for the
> Leeals' loan for a period of time beginning on March 1, 2008. As the
> loan servicer, CMI received and processed the Leeals' loan payments
> and corresponded with the Leeals by phone and by letters regarding
> their loan.
>
> On April 1, 2014, Green Tree Servicing, LLC ("Green Tree")
> acquired the servicing rights for the loan from CMI. Both CMI and
> Green Tree notified the Leeals that the servicing of the loan had been
> transferred to Green Tree. On April 11, 2014, CMI also assigned the
> Mortgage to Green Tree, and CMI recorded this assignment of the
> Mortgage. The Leeals began making their loan payments to Green
> Tree in May 2014. The Leeals also corresponded with Green Tree
> concerning the servicing of their loan.
>
> On May 7, 2015, the Leeals filed a declaratory-judgment action
> against CMI and ABN AMRO in the Oakland County Circuit Court
> (the "State-Court DJ Action"). The Leeals alleged, among other
> things, that the Note was void, and they asked the state court to
> determine whether they had any continuing obligation to make
> payments to CMI or ABN AMRO under the Note or the Mortgage.
>
> Critically, at the time the Leeals filed the State-Court DJ Action,
> neither CMI nor ABN AMRO had any connection to the Leeals' loan
> or to the Mortgage. As explained above, the loan had been sold to

Fannie Mae, and the Mortgage had been assigned to Green Tree.  But the Leeals did not name either Fannie Mae or Green Tree as defendants in the State-Court DJ Action.  Nor did the Leeals notify Fannie Mae or Green Tree that they had filed the State-Court DJ Action.

With the State-Court DJ Action pending, Green Tree – which, again, was unaware of that action – continued to service the Leeals' loan.  And the Leeals continued sending loan payments to Green Tree.

In the summer of 2015, Green Tree decided to merge into Ditech.  Green Tree sent the Leeals a notice of the pending merger and name change on August 5, 2015.  On August 31, 2015, Green Tree merged into Ditech and started operating under Ditech's name.  Thereafter, the Leeals made loan payments to Ditech.

Unsurprisingly, neither CMI nor ABN AMRO ever appeared in the State-Court DJ Action.  They had no interest to protect in that action and thus no need or incentive to appear.

Because CMI and ABN AMRO failed to appear, the state court issued a default judgment against them on September 16, 2015 (the "State-Court Default Judgment").

\*       \*       \*       \*

On September 17, 2015, one day after entry of the State-Court Default Judgment, Ditech received the Leeals' last payment on their loan.  At that point, the Leeals still owed $299,980 in principal on the loan.  But they stopped making payments.

Ditech mailed the Leeals notices of default on November 27, 2015, and May 13, 2016.  The Leeals still did not make any payments.  So, on January 26, 2017, Ditech began foreclosure by advertisement proceedings on the Mortgage.

*Id.* at \*1-2 (citations omitted).

On February 23, 2017, the Leeals filed a second lawsuit, challenging the ability of Ditech to foreclose upon the Mortgage based upon the State-Court Default Judgment.  The case was removed to this Court, becoming the above-referenced Prior Federal Action.

4

(Civil Action No. 17-10645).  On March 5, 2020, Judge Leitman issued an Opinion and Order finding that the State-Court Default Judgment did not apply to Ditech and Fannie Mae, leaving the Mortgage valid and intact, and allowing enforcement of the Mortgage to proceed.  *See Leeal*, 2020 WL 1066100, at *5-7.

The Leeals appealed that decision to the Sixth Circuit Court of Appeals, which affirmed, holding that the State-Court Default Judgment had no effect on the subsequent servicers or Fannie Mae, since the judgment was obtained against parties no longer having an interest in the Mortgage or Note.  *Leeal v. Ditech Financial, LLC*, 849 F. App'x 144, 145-46 (6th Cir. 2021).  Thus, it was determined that the Mortgage was valid and enforceable against the Leeals, and that it could be foreclosed upon.  *Id.*

### 2.    The Current Foreclosure and Litigation

On February 11, 2019, Ditech Holding Corporation, including its affiliate Ditech, filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York.  *See In re: Ditech Holding Corp., et al.*, Case No. 19-10412.  On October 1, 2019, New Residential Investment Group completed the purchase of some of Ditech's mortgage assets.  (ECF No. 12-6).  As a result of the asset purchase, an assignment of the Mortgage was recorded to NewRez, LLC.  (ECF No. 12-7).  On October 11, 2021, an Assignment of Mortgage to NewRez, LLC, d/b/a Shellpoint Mortgage Servicing (*i.e.*, defendant Shellpoint) was recorded with the Oakland County Register of Deeds.  (ECF No. 12-8).

On November 2, 2021, Shellpoint initiated foreclosure proceedings by publishing the Notice of Sale on November 2, November 9, November 16, and November 23, 2021,

in the *Oakland County Legal News*.  (ECF No. 12-9).  On November 5, 2021, a Notice of Sale was posted on the Property.  (ECF No. 12-10).  The foreclosure sale originally was scheduled for November 30, 2021.

However, on November 29, 2021, the Leeals filed the instant action in the Oakland County Circuit Court, naming Shellpoint and Fannie Mae as defendants.[3]  (ECF No. 1-3). In the complaint, despite the prior judicial findings that "[o]n December 1, 2007, [Fannie Mae] purchased the Leeals' loan from CMI … [and] has owned the Leeals' loan ever since," the Leeals allege principally that because "there is no mortgage assignment from ABN Amro … Defendant [Fannie Mae] lacks the legal authority to foreclose on the [Property]" and that "Defendant [Ditech] was granted permission to foreclose, not [Fannie Mae]."  (*Id.*, PageID.15).  The Leeals bring the following claims related to that general allegation: (1) illegal foreclosure by advertisement; (2) violation of MCL 600.3204; and (3) injunctive relief and request for an *ex parte* temporary restraining order ("TRO").  (*Id.*). Shellpoint appeared at the TRO hearing scheduled for December 15, 2021, and an order was entered maintaining the status quo of the foreclosure proceedings until further order of the Court.  On January 4, 2022, the state court action was removed to this Court.  (ECF No. 1).  The foreclosure sale has been adjourned on a week-to-week basis pending further order of this Court.

Defendants now move for summary judgment, arguing that the Leeals' claims are barred by res judicata.  (ECF No. 12).  The Leeals have filed a cross-motion for summary

---

[3] As the facts set forth herein demonstrate, Fannie Mae is neither the mortgagee nor the party seeking to foreclose; thus, it is unnecessarily named as a party.

6

judgment, arguing that Malka Leeal cannot be bound by decisions in the Prior Federal Action "because she is and never was a borrower[.]"  (ECF No. 9, PageID.113).  These arguments are addressed below.

### B.    Standard of Review

Federal Rule of Civil Procedure 56 provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party.  *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of informing the court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587 (1986)).  In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)).  Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'"  *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."  *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  As set forth above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citations omitted).  Accordingly, summary judgment in favor of the plaintiff "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Harris v. Kowalski*, No. 05-cv-722, 2006 WL 1313863, at *3 (W.D. Mich. May 12, 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

C.     **Analysis**

1.     *Defendants' Motion for Summary Judgment*

In their motion for summary judgment, Defendants argue that the Leeals' instant action to stop the foreclosure sale is barred by the doctrine of res judicata because it has already been judicially determined that the Mortgage is valid and capable of being foreclosed on.  (ECF No. 12, PageID.257-60).  The preclusive effects of a former case are referred to collectively as the doctrine of "res judicata."  *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (citing Restatement (Second) of Judgments, Introductory Note before Ch. 3 (1982); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (1981)).  "Res judicata" includes "two preclusion concepts: 'issue preclusion' and 'claim preclusion.'"  *Id*.  "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  *Id*. (citing Restatement, *supra,* § 27).  This is also referred to "as direct or collateral estoppel." *Id*.  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Id*.

"When the judgment upon which a party relies to make its claim preclusion argument was issued by a federal court," as in this case, "'we look to federal law to determine its preclusive effect.'"  *Heike v. Central Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 479 (6th Cir. 2014) (citing *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007)).  Under federal law, claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second

action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *See id*. at 480 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc*., 973 F.2d 474, 480 (6th Cir. 1992)).

### a.    *Final Adjudication on the Merits*

Defendants argue that the first element of res judicata is satisfied because the Opinion and Order issued by Judge Leitman in the Prior Federal Action was a decision granting summary judgment in favor of the moving defendants in that case.  (ECF No. 12, PageID.257-58; *see also* ECF No. 12-2).  The Leeals do not seriously contest Defendants' assertions that this ruling constituted a final adjudication on the merits.  Indeed, courts have recognized that "[t]he grant of summary judgment most certainly constitutes a final adjudication on the merits for purposes of claim preclusion." *Heike*, 573 F. App'x at 480. Thus, the first element is satisfied.

### b.    *Same Parties or Privies*

The second element of res judicata is also satisfied.  Although Shellpoint and Fannie Mae were not named as defendants in the Prior Federal Action, they are privies of Ditech, the named defendant in that case, and thus the Leeals' claims herein are subject to preclusive effect.

"The Sixth Circuit has found a nonparty to be 'in privity, or sufficiently close to a party in the prior suit so as to justify preclusion,' in the following three situations: (1) a non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party; (2) a non-party who controlled the original suit will be bound

by the resulting judgment; and (3) federal courts will bind a non-party whose interests were represented adequately by a party in the original suit." *See In re Air Crash at Detroit Metro. Airport, Detroit, Mich., on Aug. 16, 1987*, 976 F. Supp. 1076, 1079 (E.D. Mich. 1997) (quoting *Becherer v. Merrill Lynch, Pierce, Fenner & Smith,* 43 F.3d 1054, 1069-70 (6th Cir. 1995)).

In this case, Ditech was the servicer of the loan during the Prior Federal Action. As set forth above, Shellpoint received its interest in the Mortgage on March 23, 2020 (ECF No. 12-7, PageID.305), which was *after* summary judgment was entered in the Prior Federal Action (ECF No. 12-2). Thus, Shellpoint falls into the first category of a non-party who has succeeded to a party's interest in property and is therefore bound by any prior judgment involving its predecessor in interest.

Similarly, Judge Leitman's opinion in the Prior Federal Action makes clear that Fannie Mae was aware of that litigation and, indeed, provided an affidavit to Ditech's counsel to evidence and support the interest it held in the Note. *See Leeal*, 2020 WL 1066100, at *1. Fannie Mae relied on Ditech to adequately represent its interests in that case, and as such was clearly in privity with Ditech. Thus, the second element of res judicata is satisfied.[4]

---

[4] Malka Leeal tries to circumvent the application of Judge Leitman's ruling in the Prior Federal Action, arguing that she cannot be bound by this ruling because she "is and never was a borrower, nor did she sue any parties to obtain financial relief." (ECF No. 9, PageID.113). This argument misses the mark. First, the distinction Ms. Leeal now draws between a borrower and a non-borrower could have been litigated in the Prior Federal Action. Second, there is no dispute that Ms. Leeal was a *party* to the Prior Federal Action. "A 'party' to litigation is [o]ne by or against whom a lawsuit is brought." *United States ex rel Eisenstein v. City of New York*, 556 U.S. 928 (2009). Thus, as one of two individuals who initiated the Prior Federal Action, Ms. Leeal was a party to that action and therefore is bound by the Court's rulings in that case. Third, Shellpoint's

           *c.     Issues Actually Litigated or that Should Have Been Litigated*

As the Sixth Circuit stated in *Heike*, the purpose of this third element of claim preclusion is to "compel litigants to bring all related claims in a single lawsuit." *See Heike*, 573 F. App'x at 482. The Court stated that "the third element of claim preclusion not only prohibits parties from bringing claims they already have brought, but also from bringing those claims they should have brought." *Id*. (citing *Sanders*, 973 F.2d at 482).

Here, the Leeals allege that the Mortgage cannot be foreclosed for various reasons, including because Fannie Mae has no authority to do so. (ECF No. 1-3, PageID.15, 16). Specifically, the Leeals argue that no assignment of mortgage exists from ABN AMRO to Fannie Mae, and because the Court only issued an order allowing *Ditech* to foreclose, *Defendants* cannot foreclose. (*Id.*, PageID.14-15). This argument is flawed in two respects. First, it ignores Judge Leitman's finding in the Prior Federal Action that "[o]n December 1, 2007, [Fannie Mae] purchased the Leeals' loan from CMI … [and] has owned the Leeals' loan ever since." Second, it misconstrues the portion of Judge Leitman's order determining that the State-Court Default Judgment Action had no effect upon the Mortgage and Note since ABN AMRO no longer had an interest at the time the judgment was entered. Thus, it was determined that Ditech was servicing a valid mortgage, with Fannie Mae holding a valid note, both of which were capable of being enforced. *See Leeal*, 2020 WL

---

foreclosure is with respect to *the Mortgage*, as that is the instrument that secures its interest in the Property. (ECF No. 12-9) ("Notice is given … that the following mortgage will be foreclosed by a sale of the mortgaged premises …."). Thus, the fact that Ms. Leeal was not herself obligated to repay the *Note* has no bearing on Shellpoint's right or ability to foreclose on the *Mortgage*. And, as discussed below, *infra* at 13 n.5, nothing about the foreclosure itself was improper.

1066100, at *6-7.  As such, the Leeals' claim that the Mortgage is unenforceable is both

incorrect, and subject to res judicata's bar from being relitigated in this case.[5]

> ### d.    Identity of Claims

With respect to the fourth element of res judicata, "[c]auses of action share an

identity where the facts and events creating the right of action and the evidence necessary

to sustain each claim are the same."  *Sanders,* 973 F.2d at 484.  "The now-accepted test of

---

[5] Similarly, the Leeals' Count II claim for violating MCL 600.3204 lacks merit.  (ECF No. 1-3, PageID.16).  MCL 600.3204 sets forth the specific circumstances under which a party may foreclose a mortgage by advertisement, and there is no reason the Leeals could not have brought in the Prior Federal Action a claim under this statute, asserting that an assignment of mortgage to Fannie Mae was needed in order to foreclose.

Moreover, even if this claim was not barred by the doctrine of res judicata, it would fail as a matter of law as all of MCL 600.3204's requirements for foreclosing a mortgage by advertisement are satisfied.  Section 3204 provides, in relevant part:

> (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> > (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> >
> > (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.  . . .
> >
> > (c) The mortgage containing the power of sale has been properly recorded.
> >
> > (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

MCL 600.3204(1)(a)-(d).

Here, (a) a default in a condition of the Mortgage occurred when the Leeals failed to continue to make payments when due; (b) rather than commence an action to recover the debt, Shellpoint commenced the foreclosure proceedings that are the subject of the instant action; (c) the Mortgage contains the requisite power of sale language and was properly recorded; and (d) Shellpoint – the party foreclosing the mortgage – is the mortgagee of record.  (ECF No. 12-5, PageID.290).

preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap." *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011).

Here, the Leeals' claims in the Prior Federal Action share an identity to those asserted in this lawsuit because all of the claims stem from the same set of operative facts – namely, the Leeals' failure to make Mortgage payments when due and the mortgagees' efforts to foreclose.  Indeed, the facts and evidence cited in this case are identical to the ones at issue in the Prior Federal Action; the Leeals are simply attempting to relitigate the validity of the Mortgage and effect of the State-Court Default Judgment.  Therefore, the fourth and final element of claim preclusion is satisfied.[6]

For all of the foregoing reasons, the doctrine of res judicata bars the Leeals' instant claims.  Thus, summary judgment is warranted in Defendants' favor.

### 2.    *The Leeals' Motion for Summary Judgment Should be Denied*

For all of the reasons stated above, summary judgment in the Leeals' favor should be denied.  Because the Leeals are the plaintiffs in this case, to prevail on their summary judgment motion, they must make a showing "sufficient for the court to hold that no reasonable trier of fact could find other than for [them]."  *Calderone*, 799 F.2d at 259.  In their motion, the Leeals allege only that "Malka Leeal cannot be bound by the Court of

---

[6] Throughout their filings, the Leeals refer to "new events" and "evidence of fraudulent document[s]" that have occurred or been discovered since the Prior Federal Action, claiming that this is a "different, viable lawsuit that has not been tried in previous suits."  (ECF No. 14, PageID.322).  The Court disagrees, as the material facts underlying both lawsuits stem from the Leeals' default on their Mortgage.

Appeal ruling [in Case No. 20-1639] because she is and never was a borrower, nor did she sued [sic] any parties to obtain financial relief."  (ECF No. 9, PageID.113).  As set forth above, *see supra* at 11 n.4, however, there is no merit to this argument.  Thus, where the evidence establishes that summary judgment in favor of Defendants is appropriate, it is equally clear that the Leeals' motion for summary judgment should be denied.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment **(ECF No. 12)** be **GRANTED**, Plaintiffs' Motion for Summary Judgment **(ECF No. 9)** be **DENIED**, and Plaintiffs' complaint be **DISMISSED**.


Dated: June 27, 2022                              s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                                            United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager