UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALKA LEEAL,

    Plaintiff,

v.

NEWREZ LLC, *et al.*,

    Defendants.

Case No. 22-cv-10017
Hon. Matthew F. Leitman

_____/

### ORDER (1) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 22); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 21); (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 12); (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9); AND (5) GRANTING PLAINTIFF'S MOTION TO AMEND CASE CAPTION (ECF No. 17)

    This civil action is at least the second attempt by Plaintiff Malka Leeal[1] to avoid the legitimate foreclosure of the mortgage on her residence. This Court previously rejected one such attempt, and the Sixth Circuit affirmed this Court's decision. In this action, the assigned Magistrate Judge has issued a report and

---

[1] Malka Leeal and her husband Mati filed this action as co-Plaintiffs on November 29, 2021. (*See* Compl., ECF No. 1-3.) On April 6, 2022, Malka Leeal filed a motion to amend the case caption and remove her husband as a plaintiff due to his death. (*See* Mot., ECF No. 17.) Pursuant to Federal Rule of Civil Procedure 25(a)(2), the Court **GRANTS** Malka Leeal's motion, notes Mati Leeal's death for the record, **DISMISSES** Mati Leeal as a plaintiff, and **AMENDS** the case caption to reflect that Malka Leeal is the sole Plaintiff in this action.

1

recommendation in which he recommends that the Court again enter judgment against Leeal (the "R&R"). (*See* R&R, ECF No. 21.) Leeal then filed objections to the R&R. (*See* Objections, ECF No. 21.) The Court has carefully reviewed the objections and concludes they are wholly without merit. Accordingly, for the reasons explained below, Leeal's objections are **OVERRULED**, the recommended disposition of the R&R is **ADOPTED**, and this action will be **DISMISSED**.

I

The broader factual background of this action is set forth in the R & R. (*See* R&R, ECF No. 21, PageID.475-480.) The essential facts for purposes of this order are that in 2007, the Leeals took out a $301,000 mortgage loan for a home in Farmington Hills, Michigan. Then, in 2015, the Leeals stopped paying their mortgage. When the Leeals' mortgage servicer, Ditch Financial, LLC, initiated foreclosure proceedings due to the Leeals' failure to pay, the Leeals sued. On March 5, 2020, this Court issued an Opinion and Order ruling against the Leeals and allowing the foreclosure to proceed. *See Leeal v. Ditech Financial, LLC*, 2020 WL 1066100 (E.D. Mich. Mar. 5, 2020). The Leeals then appealed to the Sixth Circuit. That court affirmed and held that the mortgage was valid and could be foreclosed upon. *See Leeal v. Ditech Financial, LLC*, 849 F. App'x 144 (6th Cir. 2021).

While that litigation was pending, Ditech filed for bankruptcy, and the Leeals' mortgage was assigned to a new company, NewRez, LLC. (*See* ECF No. 12-7.)

NewRez, which was doing business as Shellpoint Mortgage Servicing, re-initiated foreclosure proceedings in November 2021. But one day before the scheduled foreclosure sale, the Leeals filed this action in the Oakland County Circuit Court in which they again sought to stop the foreclosure. (*See* Compl., ECF No. 1-3.) Defendants thereafter removed this action to this Court. (*See* Notice of Removal, ECF No. 1.)

There are now two motions pending before the Court. First, Defendants have moved for summary judgment based on *res judicata*. (*See* Defs. Mot., ECF No. 12.) Leeal has also moved for summary judgment. (*See* Leeal Mot., ECF No. 9.) In Leeal's motion, she insists that she is not bound by the Court's previous rulings against her. (*See id.*)

Both motions were referred to the assigned Magistrate Judge. On June 27, 2022, he issued the R&R in which he recommended that the Court (1) grant Defendants' motion and (2) deny Leeal's motion. (*See* R&R, ECF No. 21.) The Magistrate Judge first carefully reviewed all of the elements of *res judicata* and concluded that Leeal's attempt to avoid foreclosure was barred by that doctrine. (*See id.*, PageID.482-487.) He therefore recommended that the Court grant Defendants' motion for summary judgment. (*See id.*) He then recommended that the Court deny Leeal's motion and dismiss her Complaint because there was "no merit" to Leeal's

3

argument that she was not bound by the Court's previous rulings. (*Id.*, PageID.487-488; *see also id.*, PageID.484-485 at n.4.)

Leeal filed objections to the R&R on July 11, 2022. (*See* Objections, ECF No. 22.)  The Court will address each objection individually below.

## II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009).

## III

Leeal's objections are difficult to follow and largely appear to repeat arguments that she has made before either in previous litigation, in this action before

4

the Magistrate Judge, or both. To the extent that Leeal's objections fail to "specifically address how [the Magistrate Judge's] factual and legal recommendations were incorrect," they are insufficient as a matter of law. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"). Likewise, to the extent that Leeal simply repeats arguments that she presented on summary judgment to the Magistrate Judge, the objections fail. *See, e.g., Potter v. Comm'r of Soc. Sec.*, 2015 WL 452173, at *4 (E.D. Mich. Feb. 3, 2015) (holding objections to report and recommendation were waived where objections were "nothing more than a re-submission of [plaintiff's] original motion for summary judgment" and did not address reasoning of the Magistrate Judge's report). Simply put, because Leeal's objections largely do not address the Magistrate Judge's reasoning or legal analysis in any real detail, and instead mainly repeat many of the same arguments that the Court has previously rejected, her objections must be overruled.

While the Court has concluded that the objections are deficient as a general matter, the Court will nonetheless proceed to address them on an individual basis.

Leeal has raised four objections to the R&R. The Court has carefully reviewed each of them and concludes that they are without merit.

In Leeal's first objection, she objects to what she calls a "standing" provision of the R&R. (*See* Objections, ECF No. 22, PageID.496.) She then quotes two provisions of the factual background section of the R&R which described (1) the Court's previous ruling against Leeal and (2) the claims Leeal brought in this action. (*See id.*) Leeal appears to argue that the Magistrate Judge erred when he failed to "include" in this section of the R&R a discussion of Leeal's 2015 state-court case that she had filed against her former mortgage servicer. (*Id.*, PageID.496-497.) This objection is nearly impossible to understand, objects only to the background facts described by the Magistrate Judge, and does not purport to show any legal error. Moreover, contrary to Leeal's argument in this objection, the Magistrate Judge did discuss Leeal's 2015 state-court litigation, and he explained how this Court had previously held that a default judgment that Leeal had obtained in that suit did not allow her to avoid the foreclosure initiated by Ditech. (*See* R&R, ECF No. 21, PageID.477-478.) This objection is therefore **OVERRULED.**

Leeal next objects to a second "standing provision" of the R&R. (*See* Objections, ECF No. 22, PageID.498-499.) More specifically, Leeal objects to the following sentence in the R&R: "Unsurprisingly, neither CMI no[r] ABN ARMO []ever appeared in the State-Court DJ Action. They had no interest to protect in that

action and thus no need or incentive to appear." (*Id*., PageID.498, quoting R&R, ECF No. 21, PageID.477.) This objection fails for several reasons. First, the quoted sentence is not one written by the Magistrate Judge. It was written by *this* Court in it's March 5, 2020, ruling granting summary judgment to Ditech and against the Leeals in the prior action before this Court. *See Leeal*, 2020 WL 1066100, at *2. Thus, to the extent that Leeal believed that that statement was in error, she needed to raise that argument in *that* case. Second, Leeal has not persuaded the Court that the statement to which she objects is in any way material to this case. Finally, Leeal has not shown any legal error by the Magistrate Judge in quoting this sentence in the factual background section of the R&R. For all of these reasons, this objection is **OVERRULED**.

Leeal's third objection in its entirety is as follows: "Plaintiff Objection [sic] to the below provision of the Magistrate Judge's Report and [R]ecomendation. 'Ms. Leeal could have litigated in the Prior Federal Action.'" (Objections, ECF No. 22, PageID.499.) To the extent that Leeal is purporting to quote the R&R in this objection, the quote she identifies is not found in the R&R. It appears that Leeal may instead be referencing the Magistrate Judge's analysis in footnote four of the R&R. In that footnote, the Magistrate Judge rejected Leeal's argument that she was not bound by the Court's ruling against her in her previous suit against Ditech:

> Malka Leeal tries to circumvent the application of Judge
> Leitman's ruling in the Prior Federal Action, arguing that

7

> she cannot be bound by this ruling because she "is and never was a borrower, nor did she sue any parties to obtain financial relief." (ECF No. 9, PageID.113). This argument misses the mark. First, the distinction Ms. Leeal now draws between a borrower and a nonborrower could have been litigated in the Prior Federal Action. Second, there is no dispute that Ms. Leeal was a party to the Prior Federal Action. "A 'party' to litigation is [o]ne by or against whom a lawsuit is brought." *United States ex rel Eisenstein v. City of New York*, 556 U.S. 928 (2009). Thus, as one of two individuals who initiated the Prior Federal Action, Ms. Leeal was a party to that action and therefore is bound by the Court's rulings in that case.

(R&R, ECF No. 21, PageID.484 n.4.) Leeal has not shown any error in this analysis. While Leeal insists that she was a "non-party" to the previous action against Ditech (Objections, ECF No. 22, PageID.500), Leeal is wrong. That case was brought in the name of both Mati *and* Malka Leeal. Indeed, the caption of the Leeals' Complaint in that action lists both Mati and Malka Leeal as "Plaintiffs" and it was signed and verified by *both* Mati and Malka Leeal. (*See* Complaint, E.D. Mich. Case No. 17-10645, ECF No. 1, PageID.12, 21.) Leeal was therefore a party to the previous action, and for all of the reasons cogently explained by the Magistrate Judge, Leeal is bound by the results of that litigation. Leeal's third objection is therefore **OVERRULED**.

Finally, in Leeal's fourth objection, she argues that the Magistrate Judge erred when he concluded that her action here is barred by the doctrine of *res judicata*. (*See* Objections, ECF No. 22, PageID.501-504.) This objection does no more than

8

generally take issue with the Magistrate Judge's overall conclusion and repeat many of the same arguments that Leeal raised in her previous three objections. As with her other objections, Leeal has not shown any error in the Magistrate Judge's legal analysis. Thus, for all of the reasons explained above, this objection is **OVERRULED**.

## IV

For more than seven years, Leeal has avoided paying her mortgage and has used litigation to avoid valid foreclosures initiated due to her failure to pay. The time for Leeal to face the consequences of her failure to pay has come. Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Leeal's motion to amend the case caption (ECF No. 17) is **GRANTED**;
- Leeal's objections to the R&R (ECF No. 22) are **OVERRULED**;
- The recommended disposition of the R&R (ECF No. 21) is **ADOPTED**;
- Defendants' motion for summary judgment (ECF No. 12) is **GRANTED**;
- Leeal's motion for summary judgment (ECF No. 9) is **DENIED**; and
- Leeal's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 6, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

9

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2022, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan
                                            Case Manager
                                            (313) 234-5126